## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| YOLANDA CALHOUN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-25-141-SLP** |
| | ) | |
| THE GREENS AT LAKE | ) | |
| OVERHOLSER, | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff has filed an Application To Proceed In District Court Without Prepaying Fees or Costs ("IFP Application," an application to proceed *in forma pauperis*), (Doc. 1), and a Supplement to the IFP Application, (Doc. 6). United States District Judge Scott L. Palk referred the motion to the undersigned Magistrate Judge consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 2).

The filing fee in civil cases is presently $405.00.[1] Under 28 U.S.C. § 1915(a), a district court has discretion to permit the commencement of an action without prepayment of fees or security therefor. *See Grimes v. TCF Bank*, 769 F. App'x. 659, 660 (10th Cir. 2019) (reviewing a district court order denying an IFP application for an abuse of discretion); *Cabrera v. Horgas*, 1999 WL 241783, at *1 (10th Cir. 1999) ("The decision to

---

[1] The total filing fee includes a base fee of $350.00 and an administrative fee of $55.00. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

grant or deny *in forma pauperis* [IFP] status under § 1915 lies within the sound discretion

of the trial court."). "Section 1915(a) applies to all persons applying for IFP status, and

not just to prisoners." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir.

2005).

Proceeding IFP "in a civil case is a privilege, not a right — fundamental or

otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). To succeed on a

motion to proceed IFP, the movant must show a financial inability to pay the required filing

fees. *Lister*, 408 F.3d at 1312. The court evaluates "an application to proceed [IFP] . . . in

light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669

(10th Cir. 2008) (citation omitted).

Plaintiff states that she receives $520.00 per week from her job at Western Heights

Schools as well as an additional $750.00 per month in social security income. (Doc. 6, at

1). Plaintiff does not indicate whether the $520.00 amount is pre-tax or post-tax weekly

income. (*See id.*) Plaintiff also states that her gross pay equals $2,500.00, and that her

take-home pay equals $1,850.00, but she does not indicate a pay period for these amounts.[2]

(Doc. 1, at 1; Doc. 6, at 1). Using the only dollar amount with a pay period provided by

Plaintiff — $520.00 per week — the undersigned has calculated that Plaintiff's monthly

---

[2] This deficiency was present in Plaintiff's first IFP Application, (Doc. 1), prompting the undersigned to order Plaintiff to supplement her IFP Application with a pay period for her wages, (Doc. 5). Plaintiff's Supplement does not appear to include a pay period for the wages reported on the IFP Application but asserts that Plaintiff is paid "$520 per week." (Doc. 6, at 1). The undersigned notes that even assuming Plaintiff intended to convey that her take-home wages are $1,850.00 per month, the total of Plaintiff's monthly wages and social security income would equal $2,600.00 and would thus still exceed Plaintiff's monthly expenses of $2,260.00.

2

income from employment equals approximately $2,080.00.  Adding Plaintiff's social security income to her employment income, Plaintiff's total monthly income equals $2,830.00.  Plaintiff states that she has monthly expenses of $2,260.00.  (Doc. 6, at 2).

Plaintiff's monthly income exceeds her monthly expenses by $570.00.   She also reports she has $200.00 in a cash or a bank account.  (*Id*.)  "While [the undersigned] does not suggest that [Plaintiff] is wealthy or has lots of money to spend, [Plaintiff] does appear to have discretionary income . . . .  It appears that [Plaintiff] has the ability to spend her discretionary funds on filing fees if she desires."  *Lewis v. Ctr. Mkt.*, 2009 WL 5217343, at *3 (D.N.M. Oct. 29, 2009), *aff'd*, 378 F. App'x 780 (10th Cir. 2010).

Based on Plaintiff's Application, the undersigned finds that Plaintiff "has sufficient [income and] assets to warrant the requirement . . . that fees be paid."  *Wasko v. Silverberg*, 180 F. App'x 34, 35 (10th Cir. 2006); *see also Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (denying IFP application when the plaintiff's monthly income exceeded his monthly expenses by "a few hundred dollars").

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the court **DENY** Plaintiff's IFP Application (Docs. 1, 6).  The undersigned further recommends that if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within 21 days of any order adopting this Report and Recommendation, that this action be dismissed without prejudice to the refiling.  LCvR 3.3(e).

**Plaintiff is advised of her right to file an objection to this Report and Recommendation with the Clerk of this Court by April 15, 2025,** in accordance with

28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection waives her right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge unless and until the matter is re-referred.

**ENTERED this 25th day of March, 2025.**

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE