IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| YOLANDA CALHOUN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-141-SLP |
| | ) |
| THE GREENS AT LAKE OVERHOLSER, | ) |
| and JESSICA JEFFRIES, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

On May 21, 2025, the Court entered an Order [Doc. No. 10] directing Plaintiff to show cause no later than June 4, 2025, why this action should not be dismissed without prejudice for failure to effect timely service of process pursuant to Fed. R. Civ. P. 4(m).[1] As of this date, Plaintiff has not responded to the show cause order, nor has she requested an extension of time within which to do so. Accordingly, this action is subject to dismissal without prejudice for failure to effect timely service of process, and for failure to comply with the Federal Rules of Civil Procedure and this Court's Order. *See* Fed. R. Civ. P. 41(b); *Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 n. 2 (10th Cir. 2007) (sua sponte dismissal permitted where a plaintiff fails to comply with the rules of civil procedure or the court's orders).

Because Plaintiff failed to respond to the Court's Order to Show Cause, she has failed to demonstrate good cause exists for granting a mandatory extension of the 90-day

---

[1] Plaintiff filed her Complaint [Doc. No. 4] on February 19, 2025. Therefore, her 90-day period to effect service expired on May 20, 2025. Fed. R. Civ. P. 4(m).

time period set forth in Rule 4(m) within which to serve Defendant. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Court must further consider whether a permissive extension of time is warranted. *See id.; see also Murphy v. City of Tulsa*, 556 F. App'x 664, 666-69 (10th Cir. 2014). Factors for the Court to consider include whether the statute of limitations would bar the plaintiff from refiling the action, whether the plaintiff has unsuccessfully attempted to serve the United States, and whether the delay in service relates to the plaintiff's pro se status or confusion or delay in obtaining permission to proceed in forma pauperis. *See Espinoza*, 52 F.3d at 842 & n. 8.

Here, none of these factors are availing. The United States is not a defendant, and the record contains no information suggesting Plaintiff's delay in effecting service relates to her pro se status. Further, the present matter is a civil suit involving claims of discrimination and retaliation under the Fair Housing Act. *See* [Doc. No. 4]. The Fair Housing Act "provides that a private individual may commence a civil action not more than two years after the occurrence or the termination of an alleged discriminatory housing practice." *McIntosh v. Boatman's First Nat. Bank of Oklahoma*, 103 F.3d 144 (10th Cir. 1996) (unpublished) (citing 42 U.S.C. § 3613(a)(1)(A)). The events giving rise to the complaint began in November 2022, culminating in Plaintiff's eviction in "March 2023." Accordingly, because Plaintiff filed her action within the statute of limitations, it does not appear that her claims would be time barred if refiled.[2] Under these circumstances, a permissive extension of time is not warranted, and this action is subject to dismissal.

---

[2] The Court notes that even if one or more of Plaintiff's claims were time-barred, that factor alone is not dispositive. *See Gumm v. Fed. Bureau of Prisons*, No. CIV-06-866-R, 2007 WL 3312785,

In addition, dismissal is proper under Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to comply with the Court's Order [Doc. No. 10]. *See Nasious*, 492 F.3d at 1161 n. 2. In determining whether dismissal is proper, the Court considers the following factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks and citations omitted).

Having considered these factors, dismissal is warranted. Plaintiff has interfered with the judicial process by ignoring the directives of this Court. *Davis v. Miller*, 571 F.3d 1058, 1062 (10th Cir. 2009) (Failure to respond to the court's orders impacts its "ability to manage its docket and move forward with the cases before it, and it cannot do this if a party fails to respond to court orders."). For this reason, the efficacy of lesser sanctions is dubious. Additionally, Plaintiff was warned that dismissal is a possible sanction for noncompliance. *See* Order [Doc. No. 10].

IT IS THEREFORE ORDERED that this action is DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to effect timely service pursuant to Fed. R. Civ. P. 4(m)

---

at *3 (W.D. Okla. Nov. 6, 2007) ("[T]he mere fact that the applicable limitations period has run does not make dismissal inappropriate."); *Valdez v. Chuwanti*, No. 122CV00003KWRJHR, 2022 WL 17093445, at *3 (D.N.M. Nov. 21, 2022) ("[T]he mere possibility of a statute of limitations bar does not establish good cause for failure to timely serve and does not preclude the Court from exercising its discretion to dismiss a case."); *Despain*, 13 F.3d at 1439 ("The fact that the statute of limitations has run, however, does not demonstrate good cause and does not make dismissal under Rule 4(j) inappropriate.").

and pursuant to Rule 41(b) for Plaintiff's failure to respond to the Court's Order to Show Cause [Doc. No. 10]. A separate judgment of dismissal shall be entered contemporaneously with the filing of this Order.

    IT IS SO ORDERED this 5th day of June, 2025.

*[signature]*

**SCOTT L. PALK**
**UNITED STATES DISTRICT JUDGE**